UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS DEJESUS,<br>    *Plaintiff*,<br><br>    v.<br><br>STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTION, et al.<br>    *Defendants.* | No. 3:22-cv-1048 (VAB) |

**INITIAL REVIEW ORDER**

Luis DeJesus ("Plaintiff"), an individual who was formerly confined at the Department of Correction ("DOC") New Haven Correctional Center ("NHCC"), has filed his Complaint in this action *pro se* under 42 U.S.C. § 1983.[1] Compl., ECF No. 1 ("Compl.").

Mr. DeJesus names as individual defendants former Commissioner of Correction Rollin Cook, NHCC Warden Brunell, Deputy Warden Whittingham and Head Nurse Doe in their individual and official capacities. Compl. at1. He also names two institutional defendants, the DOC and NHCC, as defendants. *Id.* Mr. DeJesus asserts claims for deliberate indifference to his safety while incarcerated at NHCC. *Id.* at 5–6. He requests only damages. *Id.* at 6–7.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the Complaint, or any portion of the Complaint, that is frivolous or malicious, fails to state a claim upon which

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Mr. DeJesus was sentenced on April 5, 2022. *See Inmate Information*, CONN. DEP'T OF CORR., http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=364842 (last visited Mar. 7, 2023).

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations under 28 U.S.C. §1915A.

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

Mr. DeJesus may file an Amended Complaint by **April 14, 2023,** if he can allege facts correcting the deficiencies identified in this order.

I.      BACKGROUND

The Court does not include all of the allegations from the Complaint but instead summarizes the facts to provide a context to this initial review. Although Mr. DeJesus's allegations are not all legible due to the faintness of the copy, the Court construes his Complaint as alleging the following.

On April 5, 2022, Mr. DeJesus contracted COVID-19 while incarcerated at NHCC. He claims that Commissioner Cook, Warden Brunell and Deputy Warden Whittingham stated they were taking all steps to protect inmates from contracting COVID-19. He alleges that DOC violated the federal mandates because social distancing was not practiced in overcrowded jails. He claims that Defendants' failure to prevent the spread of COVID-19 led to his illness with COVID-19.

II.     DISCUSSION

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

"The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"  *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

### A.    The Claims against DOC and NHCC

Mr. DeJesus has no legal basis to proceed under section 1983 against either Connecticut DOC or NHCC. A state agency, such as Connecticut DOC or a correctional institution such as NHCC, is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *El-Massri v. New Haven Corr. Ctr.*, No. 3:18-cv-1249 (CSH), 2018 WL 4604308, at *11 (D. Conn. Sept. 25, 2018) ("A correctional institution is not a 'person' within the meaning of 42 U.S.C. § 1983 so there is no arguable legal basis for proceeding with a § 1983 claim against [New Haven Correctional Center]"); *Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008) (stating that the "Department of Corrections is an arm of the State of Connecticut" (citation omitted)).

Accordingly, any claims against DOC and NHCC under section 1983 are dismissed as not plausible.

### B.    The Section 1983 Claims against Individual Defendants

Mr. DeJesus was sentenced on April 5, 2022, the same day he contracted COVID-19.[2] As

---

[2] *Inmate Information*, CONN. DEP'T OF CORR.,
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=364842 (last visited Mar. 7, 2023).

his allegations suggest that he was exposed to a risk of harm from COVID-19 before April 5, 2022, the Court will consider his deliberate indifference claims against the individual defendants under Fourteenth, rather than Eighth, Amendment standards. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment).

To prevail on either an Eighth Amendment or Fourteenth Amendment claim, plaintiff must first satisfy an objective element that the conditions of confinement, "either alone or in combination, pose an unreasonable risk of serious damage to his health." *Id.* at 30. The Fourteenth and Eighth Amendments differ with respect to the second element required to establish a conditions of confinement claim. *Id.* at 32. Under the Fourteenth Amendment, a pretrial detainee must establish a "*mens rea*" element that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

"[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996) (citations omitted). Courts have found that "an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus." *Chunn v. Edge*, 465 F. Supp. 3d 168, 200–01 (E.D.N.Y. 2020) (collecting cases). As Mr. DeJesus alleges that he contracted COVID-19 due to inadequate safety measures, the Court assumes for purposes of initial review that Mr. DeJesus was exposed to a serious risk of harm.

All Defendants are described as supervisory officials ranging from Commissioner to Warden and Deputy Warden to Head Nurse. Compl. at 1. The Second Circuit has held that "there is no special rule for supervisory liability," but that "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation omitted). Knowledge that unconstitutional acts were occurring is insufficient to state a claim for supervisory liability. "A supervisor's 'mere knowledge . . .' is not sufficient because that knowledge does not amount[ ] to the supervisor's violating the Constitution." *Id.* at 616–17 (quoting *Iqbal*, 556 U.S. at 677). Thus, Mr. DeJesus's factual allegations must raise at least an inference that a Defendant acted intentionally or recklessly even though the Defendant was aware or should have been aware of risk to his harm. *See Darnell*, 849 F.3d at 36. Negligent conduct is not sufficient for a Fourteenth Amendment deliberate indifference claim. *Id.*

Mr. DeJesus alleges no facts regarding Defendant Cook, a former Commissioner of DOC. Because the Complaint's factual allegations establish no connection between Defendant Commissioner Cook and the alleged Fourteenth Amendment violation, the claim against Commissioner Cook will be dismissed. *See Smith v. Perez*, No. 3:19-CV-1758 (VAB), 2020 WL 2307643, at *5 (D. Conn. May 8, 2020) (dismissing individual and official capacity claims where plaintiff failed to allege facts regarding the acts or omissions of defendants); 28 U.S.C. § 1915A(b)(1).

Defendants Warden Brunell, Deputy Warden Whittingham and Head Nurse Jane Doe allegedly work at NHCC. As far as the Court can discern, Mr. DeJesus claims that the inadequacy of the steps taken to mitigate COVID-19 resulted in him contracting the COVID-19 virus. He also alleges having filed grievances that were never returned, and that correctional staff

5

indicated his grievances could not be located. But the Complaint contains no facts showing that Mr. DeJesus expressed his concerns about the lack of social distancing possible due to overcrowding or the inadequate COVID-19 mitigation to any Defendant. His allegations afford no inference that any individual Defendant was personally aware of a risk of harm to his health. Thus, the Complaint fails to suggest that any Defendant intentionally or recklessly failed to act with reasonable care to mitigate the risk of harm to Mr. DeJesus posed by the alleged conditions. Mr. DeJesus's allegations suggest at most that the individual Defendants acted negligently by failing to implement effective COVID-19 mitigation, but negligent conduct is not sufficient to support a claim of Eighth Amendment deliberate indifference. *See Diaz v. Hurdle*, No. 3:20-CV-1720 (VAB), 2022 WL 4467024, at *3 (D. Conn. Sept. 26, 2022) (explaining that negligence is insufficient to support claim of deliberate indifference).

Accordingly, absent facts showing any Defendant had a subjective knowledge of the risk of harm faced by Mr. DeJesus, the Eighth Amendment claims against Warden Brunell, Deputy Warden Whittingham and Head Nurse Jane Doe must be dismissed under 28 U.S.C. § 1915A(b)(1).

### III.    CONCLUSION

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

Mr. DeJesus may file an Amended Complaint by **April 14, 2023,** if he can allege facts correcting the deficiencies identified in this order.

If an Amended Complaint is not filed by **April 14, 2023,** then this case may be dismissed.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of March, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE